THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MILTON SPEISER, Appellant.

Reargued March 15, 1938; decided March 18, 1938.

*George Gordon Battle, Samuel Hassen, I. Maurice Wormser* and *Irving Mariash* for defendant-appellant. Although the direct jurisdiction of the Court of Appeals is limited in this case to questions of law, nevertheless, the court has power and it is its duty to examine the whole record so far as it may be necessary to do justice within the jurisdiction of the court. (*Matter of Kaufmann*, 245 N. Y. 423.)

*Thomas E. Dewey, District Attorney (Felix C. Benvenga* and *William P. Rogers* of counsel), for respondent. The Court of Appeals is without power to reduce the sentence imposed. (*Shepherd* v. *People*, 25 N. Y. 406; *Matter of Lange*, 85 U. S. 163; *People* v. *Bork*, 96 N. Y. 188; *Messner* v. *People*, 45 N. Y. 1; *People* v. *Phillips*, 42 N. Y. 200; *Ratzky* v. *People*, 29 N. Y. 124; *People* v. *Bissert*, 71 App. Div. 118; 172 N. Y. 643; *People* v. *McGonegal*, 136 N. Y. 62; *People* v. *Williams*, 58 Hun, 278; *People* v. *Naimark*, 154 App. Div. 760; *People* v. *Miles*, 173 App. Div. 179; *People* v. *Gitlow*, 234 N. Y. 132; *People* v. *Johnson*, 252 N. Y. 387; *Matter of Goodman*, 199 N. Y. 143; *Wallace* v. *United States*, 243 Fed. Rep. 300; *Gilley* v. *State*, 22 Ala. App. 171.)

O'BRIEN, J. The judgment of conviction of defendant for conspiracy having been affirmed by this court, he has applied to us for reduction of sentence. The only question presented on this motion concerns the power of the Court of Appeals under section 543 of the Code of Criminal Procedure. This is the language of the statute:

" 1. Upon hearing the appeal the *appellate court may*, in cases where an erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment to conform to the verdict or finding; in all other cases they must either reverse or affirm the judgment appealed from or *reduce the sentence* imposed to a sentence not lighter than the minimum penalty provided by law for the offense of which the defendant or defendants have been convicted and in cases of reversal, may, if necessary or proper, order a new trial."

Under this statute, the Appellate Division has complete jurisdiction to reduce the sentence imposed upon this defendant. In examining the power of this court, however, section 543 must be read in connection with sections 7 and 8 of article VI of the Constitution. Pursuant to section 7, except where the judgment is of death or where, in civil actions, the Appellate Division, on reversing or modifying, makes new findings, our jurisdiction is limited to the review of questions of law. The provisions of section 8 which confer upon " any appellate court " the power to modify a judgment must necessarily exclude power by this court to modify on questions of fact or discretion except in the two instances provided for in section 7. In reviewing a judgment of conviction for a misdemeanor or for a felony other than a capital offense, we can no more review the appropriateness of a discretionary sentence than the weight of evidence or other elements which do not include questions of law.

The facts set forth in the moving affidavit on this motion may merit serious consideration by such an appellate court as possesses power to act in accordance with the provisions of section 543 of the Code of Criminal Procedure, but we are bound to decide that the Court of Appeals is not such a court. Therefore, we must deny this motion to reduce the sentence of defendant but we do so solely for lack of power.

Upon reargument, the judgment as to defendant Speiser should be affirmed.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.