THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS R. HUGHES and MILTON SPEISER, Appellants.

First Department, April 14, 1938.

*George Gordon Battle* of counsel [*I. Maurice Wormser* and *Irving Mariash* with him on the brief], for the motion.

*Felix C. Benvenga* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

PER CURIAM. The defendant Speiser was convicted in the Court of Special Sessions of the crime of conspiracy. That judgment was affirmed by this court. (251 App. Div. 807.)

An appeal was taken from the judgment of this court affirming the judgment of conviction to the Court of Appeals, where the judgment of this court was affirmed. (277 N. Y. 531.) Thereupon the matter was remitted by the Court of Appeals to the Court of Special Sessions, there to be proceeded upon according to law.

A motion for reargument was heard in the Court of Appeals on March 15, 1938, and an application then made to reduce Speiser's sentence. The motion was denied in an opinion by Judge O'BRIEN (277 N. Y. 342), decided March 18, 1938. The Court of Appeals again remitted the matter to the Court of Special Sessions, there to be proceeded upon according to law.

Defendant Speiser now moves this court for a decree, judgment and order reducing his sentence to the term of imprisonment already served.

Section 543 of the Code of Criminal Procedure provides, in part: " (1) Upon hearing the appeal the appellate court may  *  *  * either reverse or affirm the judgment appealed from or reduce the sentence imposed."

The power to reduce sentence under the foregoing statute exists only " upon hearing the appeal." Although in the opinion of the Court of Appeals, in denying Speiser's motion to reduce sentence, the court said that, under the statute, the Appellate Division has complete jurisdiction to reduce sentence, it seems clear that the court was there speaking of the power of the Appellate Division upon hearing the appeal. As there is no appeal pending herein in this court at the present time, we deny, because we have no power to grant, the motion to reduce the sentence.

Defendant's relief would seem to be confined to an appeal for executive clemency.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.

Motion denied.