THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHESTER RYTEL, Respondent.

Argued October 9, 1940; decided November 19, 1940.

*Charles S. Tracy*, District Attorney (*Milburn D. Smith* of counsel), for appellant.

*Samuel Levy* for respondent.

LEHMAN, Ch. J. The defendant was convicted upon a charge of assault in the second degree and received an indeterminate sentence of not less than two years and not more than four years in a State prison. Upon appeal to the Appellate Division the judgment was " modified " by a closely divided court " to a conviction of assault in the third degree"; the sentence was reduced to the time already served by the defendant, and the defendant was discharged. One of the dissenting justices of the Appellate Division granted permission to the People to appeal to this court from the judgment of the Appellate Division.

The defendant, a young man twenty-four years of age, works on his father's dairy farm. On the morning of September 23, 1938, he was operating a small truck used for delivery of milk. The witnesses for the People testified that he drove the truck into the rear of an automobile occupied by Bernard Willoughby and two companions, and that when Willoughby sought to obtain his name and address he struck Willoughby on the head with a club, knocking him down and causing painful injuries. The defendant, also, testified that he struck Willoughby over the head with a heavy stick which he carried in the truck, but he denies that he had previously driven his truck into the rear of Willoughby's car or that the attack was unprovoked. His story is that Willoughby and his two companions blocked the road, compelling him to stop, demanded money of him, and threatened to shoot him. He claims that he believed that these men were attempting to " hold him up " and that he was justified in striking Willoughby over the head in self defense.

" A person who * * * (3) wilfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon; or (4) wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm * * * is guilty of assault in the second degree." (Penal Law, § 242.) The witnesses for the People and the witnesses for the defense give conflicting testimony in regard to the

events which preceded the blows struck by the defendant; and the testimony of the witnesses for the defense would, if believed by the jury, show that the defendant acted in self-defense and was guilty of no crime. The jury rejected that testimony, as it might well do, and found the defendant guilty of assault in the second degree. It is difficult to see how the jury, rejecting the defendant's claim of self-defense, could reasonably have found the defendant guilty of any lesser degree of assault, for the testimony of the defendant as well as the testimony of the witnesses for the prosecution leaves no reasonable ground for doubt that the club with which the defendant struck Willoughby is " a weapon, or other instrument or thing likely to produce grievous bodily harm " or that the defendant used it with intention to inflict such harm.

The powers and duties of appellate courts upon appeals, permitted by the Code of Criminal Procedure, are defined by section 543 of that statute. Subdivision 1 of that section confers upon the Appellate Division power to " reduce the sentence imposed to a sentence not lighter than the minimum penalty provided by law for the offense of which the defendant or defendants have been convicted." Subdivision 2 of the same section provides: " Upon hearing an appeal from a judgment of conviction of a felony where, in its opinion, the record does not sustain the judgment with respect to the degree of the crime found but does warrant a judgment of conviction of a lesser degree of such crime, or of a misdemeanor, the appellate court may modify and correct the judgment in accordance with its opinion, in whole or in part, and affirm the judgment as so modified and corrected."

The power of a jury in a criminal case to reject, though unreasonably, evidence which is uncontradicted and unimpeached, and to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence, cannot be challenged in an appellate court. The statute was not intended to confer upon an appellate court a similar arbitrary power. Judicial " opinion " must always be

based upon the record and the applicable rules of law, and this court may review a decision of the Appellate Division which modifies a judgment of conviction by reducing the degree of crime; and must determine whether there is any sound foundation for the " opinion " that " the record does not sustain the judgment with respect to the degree of the crime found but does warrant a judgment of conviction of a lesser degree of such crime." In this case, as we have said, the evidence does sustain the finding of guilt of assault in the second degree and does not, we think, warrant a finding of a lesser degree of assault.

It does not follow, however, that the Appellate Division erred in extending mercy by reducing the sentence. The Legislature has provided that " assault " in the second degree is " punishable by imprisonment in a penitentiary or state prison for a term not exceeding five years, or by a fine of not more than one thousand dollars, or both " (Penal Law, § 243); and that " assault in the third degree is punishable by imprisonment for not more than one year, or by a fine of not more than five hundred dollars, or both." (Penal Law, § 245.) Within the limits fixed by statute, the Appellate Division has plenary discretion as to the punishment which should be meted out and the exercise of that discretion is not subject to review by this court. (*People* v. *Speiser*, 277 N. Y. 342.) The sentence as reduced by the Appellate Division does not transcend the limits fixed by the statute for the punishment that may be meted out either for an assault in the second degree or in the third degree.

Because assault in the second degree may be " punishable " by imprisonment in a State prison, it is a felony (Penal Law, § 2; *People* v. *Stacy*, 119 App. Div. 743; affd., 192 N. Y. 577), though under the express terms of the statute the offense may also be punishable by imprisonment in a penitentiary. Because assault in the third degree is not punishable by imprisonment in a State prison it is not a felony but a misdemeanor. (*People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212.) A person guilty of assault in the third degree is not subject to punishment as severe as may be

meted out to a person guilty of assault in a higher degree, for the Legislature has placed different limits upon the terms of imprisonment to which offenders may be sentenced upon conviction of assault in different degrees, and the courts may not exceed those limits. The courts are left free to sentence offenders to any lesser term of imprisonment which they think the offender merits for his offense. There, the circumstances which vary with each crime and mitigate or aggravate the wrong, rather than a rigid classification of the crime, may determine the punishment.

We do not say that the classification of the crime may not often be an important factor in the determination of the sentence, or that where this court finds error in the classification of the crime it should not at most times remit the case to the Appellate Division for a reconsideration of the appropriate sentence. Here, however, the statute expressly provides that even assault in the second degree may be punished by imprisonment in a penitentiary, and the record leaves no room for doubt that the court measured the sentence by the quality of the act and not by its classification.

The judgment of the Appellate Division should be modified by reinstating the conviction of assault in the second degree and as so modified affirmed.

Loughran, Finch, Rippey, Lewis and Conway, JJ., concur; Sears, J., votes to remit the matter to the Appellate Division to reconsider the sentence.

Judgment accordingly.