THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PETER E. POTSKOWSKI, PASQUALE M. CAPUANO and CARL H. LaDUE, Respondents.

Argued October 4, 1948; decided December 2, 1948.

*Daniel T. Manning, District Attorney* (*Harold R. Soden* of counsel), for appellant. I. The crime of assault, second degree, was proven beyond a reasonable doubt. (*People* v. *Tomlins,* 213 N. Y. 240; *People* v. *Franzone,* 211 N. Y. 284; *People* v. *Taylor,* 177 N. Y. 237; *People* v. *Rosino,* 168 App. Div. 920; *People* v. *Kennedy,* 159 N. Y. 346; *People* v. *Constantino,* 153 N. Y. 24; *People* v. *Johnson,* 139 N. Y. 358; *People* v. *Martin,* 77 App. Div. 396, 175 N. Y. 315.) II. Defendants Potskowski and Capuano committed the crime of assault in the second degree. (*People* v. *Rytel,* 284 N. Y. 242.) III. Defendant LaDue committed the crime of assault in the second degree. (*People* v. *Martin,* 77 App. Div. 396, 175 N. Y. 315; *People* v. *Vollero,* 108 Misc. 635; *People* v. *Steppello,* 235 App. Div. 240.) IV. The verdict of the Essex County Court, convicting all defendants of assault in the second degree, should be reinstated and the respective sentences of the Essex County Judge should be upheld.

*James A. Leary, Walter A. Fullerton, Michael E. Sweeney* and *B. Gregory Brewster* for respondents. I. As to defendant LaDue, the evidence was clearly insufficient. (*Tagg* v. *Senner,* 277 N. Y. 692; *People ex rel. Hirschberg* v. *Orange County Court,* 271 N. Y. 151; *Sackheim* v. *Pigueron,* 215 N. Y. 62.) II. The evidence was legally insufficient as to defendants Potskowski and Capuano. (*People* v. *Watkins,* 23 App. Div. 253; *People* v. *Strewl,* 246 App. Div. 400; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Owens,* 148 N. Y. 648; *People* v. *Ledwon,* 153 N. Y. 10; *People* v. *Gluck,* 188 N. Y. 167; *People* v. *Farmer,* 196 N. Y. 65; *People* v. *Cashin,* 259 N. Y. 434; *People* v. *Deschessere,* 69 App. Div. 217.) III. Defendants Potskowski and Capuano committed the crime of assault in the third degree. (*People* v. *Gerdvine,* 210 N. Y. 184; *People* v. *Van Zandt,* 224 N. Y. 354; *People* v.

*Cummings,* 274 N. Y. 336; *People* v. *Gaynor,* 33 App. Div. 98.)
IV. The judgment of the Appellate Division was right and
should in all things be affirmed. (*People* v. *Samuels,* 292 N. Y.
632; *People* v. *Allen,* 266 App. Div. 670; *People* v. *McDermott,*
267 App. Div. 968.)

LOUGHRAN, Ch. J.   After trial in the County Court of Essex
County the three defendants — Potskowski, Capuano and LaDue
—were convicted of assault in the second degree.   Each was
sentenced to imprisonment for not less than one year and three
months nor more than two years and a half, and Potskowski
was also fined a thousand dollars.   On appeals by all three
defendants to the Appellate Division an order was entered in
the following form:

" ORDERED, that said judgment of conviction as to Carl Harry
Ladue be reversed on the law and facts and the indictment dis-
missed, and it is further

ORDERED, that the said judgment of conviction as to the defend-
ants Peter Edward Potskowski and Pasquale Martin Capuano
be modified, on the law and facts, and the judgment of convic-
tion in each case is reduced from the crime of assault in the sec-
ond degree to the crime of assault in the third degree, and it is
further

ORDERED, that the judgment of conviction as to these two
defendants be that the sentence in each case be reduced to the
time which they have already served in Clinton Prison at Danne-
mora, New York, and each of the defendants is discharged from
further imprisonment, and it is further

ORDERED, that, in the case of the defendant Peter Edward
Potskowski, the fine is reduced from the sum of $1,000.00 to the
sum of $500.00 and upon non-payment of such fine that said
defendant is directed to serve one day for each one dollar of the
fine unpaid in the County Jail of Essex County."

This order is now before us for review on a certificate which
was validly granted ex parte to the People by the Presiding
Justice of the Appellate Division (see Code Crim. Pro., § 520,
subd. 3; *People* v. *McCarthy,* 250 N. Y. 358).

There was evidence that on the occasion in question the three
defendants, acting in concert, had inflicted upon the complainant
a number of " lacerated, jagged and bleeding " wounds in con-

sequence of which he was confined to his room for several weeks. There was also medical expert testimony which characterized the complainant's injuries as " severe " and " grievous " and " not minor in nature ". In that state of the proof a jury could readily and fairly say that the three defendants by their concerted action had " wilfully and wrongfully wounded or inflicted grievous bodily harm upon another, either with or without a weapon " and thus were guilty of assault in the second degree under section 242 of the Penal Law.

Hence the Appellate Division erred when it dismissed the indictment in the case of the defendant LaDue and in his case there must be a new trial (see *People* v. *Bellows,* 281 N. Y. 67; *People* v. *Scheinman,* 295 N. Y. 142). Whether the Appellate Division also erred when it modified the judgments against the defendants Potskowski and Capuano is a closer question.

The appeals that here were heard by the Appellate Division were appeals from judgments of conviction of a felony (see *People* v. *Rytel,* 284 N. Y. 242, 246). Upon hearing such an appeal the appellate court, " where, in its opinion, the record does not sustain the judgment with respect to the degree of the crime found but does warrant a judgment of conviction of a lesser degree of such crime, or of a misdemeanor   *   *   * may modify and correct the judgment in accordance with its opinion, in whole or in part, and affirm the judgment as so modified and corrected " (see Code Crim. Pro., § 543, subd. 2).

The statutory words just quoted do not, however, authorize any appellate court to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence, and, that being so, *the reduction of the grade of the offense* in the cases of the defendants Potskowski and Capuano from assault in the second degree (a felony) to assault in the third degree (a misdemeanor) was unwarranted, for the evidence herein, as we have seen, sustained the jury's finding of guilt of the higher degree of the crime (*People* v. *Rytel, supra,* 245–246). Of course, the Appellate Division has jurisdiction to extend mercy to a defendant by *a reduction of sentence* within limits fixed by statute (Code Crim. Pro., § 543, subd. 1; *People* v. *Speiser,* 277 N. Y. 342). Assault in the second degree, to be sure, may be punished by imprisonment in a State prison, and, where such

imprisonment is imposed, a minimum term of one year is mandatory (Penal Law, § 2182, subd. 2). Even so, such punishment is not dictated by the applicable statute, which says: " Assault in the second degree is punishable by imprisonment in a penitentiary or state prison for a term not exceeding five years, or by a fine of not more than one thousand dollars, or both " (Penal Law, § 243). These words, it will be observed, prescribe no minimum term of sentence. Consequently a modification operating only as a mitigation of a sentence for assault in the second degree would be within the power of the Appellate Division (see *People* v. *Speiser, supra*).

But in the present case the reduction of the sentences of the defendants Potskowski and Capuano does not appear to have been an exercise by the court of its discretionary power merely to mitigate the punishment. As we read its order, the court reduced the sentences only as an incident of its reduction of the grade of the offense. In that view, the case against the defendants Potskowski and Capuano must be remitted to the Appellate Division for reconsideration of the sentences in accordance with this opinion (see *People* v. *Rytel, supra,* 284 N. Y. at p. 247).

In short, we dispose of these appeals as follows: As to the defendants Potskowski and Capuano, the order of the Appellate Division should be modified by reinstating the convictions of assault in the second degree and the case remitted to the Appellate Division for consideration of the fitness of the sentences imposed by the trial court. As to the defendant LaDue, the order of the Appellate Division should be reversed, the indictment reinstated and a new trial ordered. A motion to dismiss the appeals has been denied.

LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.