THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EPIFANIO PORFIDO, Appellant. — The District Attorney has conceded on this appeal that appellant, although he has a record of numerous previous convictions, gave a complete and frank statement of his complicity in the conspiracy charged and gave valuable information to and was co-operative with the law enforcement authorities. He also concedes that appellant's sentence, which may result in his imprisonment for three years, was more severe than those imposed on others convicted of the same offense who refused to co-operate, and does not oppose a reduction of appellant's sentence. We may not presume, however, that the sentencing court imposed a sentence to serve an indeterminate term as a punishment more severe than the definite terms of sentence pronounced on other defendants but must infer therefrom that the court had in mind the purpose of the statute under which sentence was pronounced (Correction Law, § 203) and considered that appellant was capable of being substantially benefited by being committed to a correctional and reformatory institution, and might be a fit subject for release, on parole or otherwise, prior to the expiration of three

years, as provided in article 7-A of the Correction Law. A contrary view would imply that the sentencing court acted in disregard of its duty under the law. (Cf. *People* v. *Thompson*, 251 N. Y. 428.) If, as we must assume, appellant was sentenced to serve an indefinite term in the penitentiary upon a determination that he was capable of reformation, his sentence was the minimum penalty provided by law for a prisoner so sentenced to that institution and consequently may not be reduced. (Code Crim. Pro. § 543.) If appellant's case is one which calls for the exercise of clemency, responsibility therefor rests with the Parole Commission, which alone may determine, subject to approval by the sentencing court, whether he may be discharged, on parole or otherwise, prior to the expiration of the maximum term of his imprisonment. At an appropriate time, if the parties shall be so advised, the facts presented on this appeal, as justifying a reduction of sentence, may be presented to the Parole Commission and the sentencing court. (Correction Law, § 204.) Present — Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ.