■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABIE ZUCKERMAN, Appellant.— Appeal (1) from a judgment of the County Court, Kings County, convicting appellant, on his plea of guilty, of attempted carrying a dangerous weapon, as a felony (Penal Law, § 1897), and sentencing him to serve an indeterminate term in the New York City Penitentiary, pursuant to section 203 of the Correction Law, (2) from said sentence, and (3) from an order of said court denying appellant's motion for resentence. Judgment affirmed. As a matter of law, this court is without power to change such a sentence (*People* v. *Porfido,* 279 App. Div. 1036; *People* v. *Baker,* 280 App. Div. 899; *People* v. *Rivera,* 5 A D 2d 853). No separate appeal lies from the sentence or from the order denying the motion for resentence, which have been reviewed on the appeal from the judgment of conviction. Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Beldock, J., dissents and votes to modify the judgment so as to impose, in place of the indeterminate sentence, a determinate sentence limited to the time already served. Section 543 of the Code of Criminal Procedure authorizes this court to reduce a sentence " to a sentence not lighter than the minimum penalty provided by law " (*People* v. *Speiser,* 277 N. Y. 342; *People* v. *Spagnolia,* 260 App. Div. 551; *People ex rel. Davidson* v. *Morhous,* 265 App. Div. 892). I do not agree that the power granted to us under section 543 is nullified where a defendant is sentenced to serve an indeterminate term in the New York City Penitentiary. Under section 203 of the Correction Law the sentencing judge may not limit the term of imprisonment if the sentence is for an indeterminate term, which is intended only for those defendants who are capable of reformation, but the sentence shall be terminated only by the Parole Commission of the City of New York in the manner provided in section 204 of the Correction Law, which requires the consent of the sentencing Judge or court. In *People* v. *Porfido* (279 App. Div. 1036) this court held that it lacks the power to reduce an indeterminate penitentiary sentence because such a sentence is the " minimum. penalty provided by law ". This was based on the fact that the Parole Commission, with the consent of the sentencing judge or court, may release or parole a prisoner immediately upon commitment. While the above reasoning applies to a situation where the release is immediate, I am of the opinion

that it does not apply to a situation where a defendant is detained for a longer period and possibly for as long as three years. It is a matter of common knowledge that sentences of an indefinite term in the penitentiary are at times imposed in cases, not where the defendant is capable of reforming, as contemplated by section 203 of the Correction Law, but where the sentencing judge determines to impose a severe sentence (*People* v. *Gross,* 5 A D 2d 878). In *United States ex rel. Paladino* v. *Commissioner of Immigration* (43 F. 2d 821, 823), Judge AUGUSTUS N. HAND, writing for the Circuit Court of Appeals, Second Circuit, in referring to the Parole Commission Law (now Correction Law, art. 7-A) of New York State, said that indeterminate sentences are punitive as well as reformative and that even though such a sentence offered a possibility of an earlier release, the sentence is regarded as one for a maximum of three years. Moreover, the fact that the Parole Commission may release or parole the prisoner only with the consent of the sentencing judge or court does not lessen the power of the Appellate Division, under section 543 of the Code of Criminal Procedure, to reduce a sentence. Our jurisdiction to reduce a sentence is complete (*People* v. *Speiser,* 277 N. Y. 342, *supra*), and cannot be curtailed, limited or vitiated by any indirect method. If a sentencing judge desires to be severe he may accomplish that purpose by imposing an indeterminate penitentiary sentence, and a defendant would be helpless, as the Parole Commission may not release him without the consent of the judge or court. Thus, the sentencing judge becomes the sole and final authority on the question of sentence. This results in the deprivation of the right of a defendant to have his sentence reviewed on appeal and is a nullification of the power granted to the Appellate Division to reduce a sentence if the facts so warrant. In my opinion such a result was never contemplated by the Legislature. Kleinfeld, J., dissents and votes to modify the judgment so as to impose a determinate sentence limited to the time already served, pursuant to sections 261 and 1935 of the Penal Law, instead of the indeterminate sentence to the penitentiary imposed by the learned County Judge, with the following memorandum: The New York State Constitution (art. VI, § 8) confers on this court complete power to modify a judgment or sentence. The record in this case indicates that the appellant would not benefit from a prolonged incarceration for "reformation" and that a short sentence for a fixed term, pursuant to sections 261 and 1935 of the Penal Law, would have been more appropriate. The choice between an indeterminate sentence pursuant to section 203 of the Correction Law and a determinate sentence pursuant to sections 261 and 1935 of the Penal Law rested in the discretion of the sentencing court (*People* v. *Bendix,* 260 N. Y. 590). If that discretion was abused, we have the power to overrule the sentencing court and to change the sentence to that which we believe the circumstances warrant. (N. Y. Const., art. VI, § 8.) In this case, I believe the imposition of an indeterminate sentence pursuant to section 203 of the Correction Law was an improvident exercise of discretion by the learned sentencing court, and that a determinate term limited to the time already served is ample and appropriate.