Van Voorhis, J.
Appellant pleaded guilty to a charge of attempted possession of a dangerous weapon as a felony under section 1897 of the Penal Law. A bizarre factual picture is presented in the circumstances leading to this man’s arrest, culminating in his shooting on several occasions at the wall of the residence of another man who knew but refused to disclose the identity of a third man, by whom appellant believed himself to have been wronged. An indeterminate penitentiary sentence was imposed under section 203 of the Correction Law, carrying a maximum of three years. A prisoner may be released *403 sooner by the Parole Commission subject to approval of the sentencing court. On appeal to the Appellate Division, the sole issue related to excessiveness of the sentence. The court majority did not consider whether the sentence was excessive, but affirmed on the ground that “As a matter of law, this court is without power to change such a sentence (People v. Porfido, 279 App. Div. 1036; People v. Baker, 280 App. Div. 899; People v. Rivera, 5 A D 2d 853).” The sole question before us is whether the Appellate Division has power to review an indeterminate penitentiary sentence under section 203 of the Correction Law. Under section 543 of the Code of Criminal Procedure, implementing section 8 of article VI of the State Constitution, 1 ‘ the Appellate Division has complete jurisdiction to reduce the sentence ” (People v. Speiser, 277 N. Y. 342, 344). The only express limitation upon that power is that the Appellate Division may not reduce a sentence imposed to a sentence “ lighter than the minimum penalty provided by law for [an] offense ”. No minimum is prescribed by section 1935 of the Penal Law, which prescribes the punishment for violations of section 1897. This power has frequently been exercised (e.g., People v. Hyde, 3 A D 2d 854, and cases cited). The cases cited by the majority of the Appellate Division as holding that it lacks power to review this kind of a sentence were all decided on the authority of People v. Porfido (279 App. Div. 1036).
What was said in Porfido is correct, following People v. Thompson (251 N. Y. 428), that it may not be presumed that the sentencing court imposed a sentence to serve an indeterminate term as a punishment more severe than the definite terms of sentence in the absence of a finding of incorrigibility. But appellant had the right to have the Appellate Division review the refusal to suspend sentence or the execution of sentence (People v. Moran, 281 App. Div. 865, affd. 306 N. Y. 662). One of the Justices at the Appellate Division, at least, considered that the sentence should be limited to the time already served, and, for aught that appears to the contrary, the majority may have agreed with him except that they considered that they lacked the power. In People v. Porfido (supra), no request was made of the sentencing court to suspend the sentence, nor was suspension considered by the Appellate Division. Under the broad powers of the Appellate Division to reduce sentences is included *404 the power to hold, in a proper case, that sentence or the execution of sentence should be suspended. We are not called upon to decide whether there should be a suspension in this instance, but whether the Appellate Division has power to do so where section 203 of the Correction Law has been applied. We think that the Appellate Division has that power, and that it unduly circumscribed its jurisdiction by the order appealed from. We need not now decide whether, if sentence or its execution be not suspended, an appeal may lie dormant until or be taken from a determination of the sentencing court refusing to approve a discretionary release within three years by the Parole Commission (Correction Law, § 204, subd. [a], par. [2]).
The judgment appealed from is reversed upon the ground that the Appellate Division is empowered to modify the sentence imposed by the County Court, and the matter remitted to the Appellate Division for further proceedings not inconsistent with this opinion.
Chief Judge Conway and Judges Desmond, Dye, Ftjld, Fboessel and Burke concur.
Judgment reversed, etc.