Mario Pittoni, J.
The defendant applies for a certificate of reasonable doubt pending his appeal to the Appellate Division of the Supreme Court from a judgment of conviction of the crime of grand larceny, second degree, more specifically from the sentence imposed by the County Court, Nassau County, that he “ be imprisoned in Sing Sing Prison * * * under an indeterminate sentence, the maximum of such imprisonment to be two years and the minimum one year ”.
The defendant, a lawyer 30 years of age, was indicted on four counts of grand larceny, second degree, by reason of obtaining money by false pretenses in connection with certain settlements of lawsuits. He pleaded guilty to the one count involved herein.
The first question to be disposed of is whether the Appellate Division of the Supreme Court has the power to change, lower, or suspend the sentence in this case. However, at the very outset it is clear, without unnecessary argumentation, that the Appellate Division does have the power to reduce the maximum sentence; in fact, the District Attorney’s brief with commendable candor states that ‘1 there is no question but that the Appellate Division has the power to reduce the maximum term imposed upon the defendant by the County Court ’ ’.
In respect to the other phases of the Appellate Division’s power to lessen or suspend the sentence in this case, an affirmative answer is-found, among others, in People v. Zuckerman (5 N Y 2d 401, 403-404) and in People v. Potskowski (298 N. Y. 299, 303-304).
In the Zuckerman case, the court said: ‘ ‘ Under section 543 of the Code of Criminal Procedure, implementing section 8 of article VI of the State Constitution, ‘ the Appellate Division has complete jurisdiction to reduce the sentence ’ (People v. Speiser, 277 N. Y. 342, 344). The only express limitation upon that power is that the Appellate Division may not reduce a sentence imposed to a sentence ‘ lighter than the minimum *269 penalty provided by law for [an] offense ’. No minimum is prescribed by section 1935 of the Penal Law, which prescribes the punishment for violations of section 1897. This power has frequently been exercised (e.g., People v. Hyde, 3 A D 2d 854, and cases cited). * * * it may not be presumed that the sentencing court imposed a sentence to serve an indeterminate term as a punishment more severe than the definite terms of sentence in the absence of a finding of incorrigibility. But appellant had the right to have the Appellate Division review the refusal to suspend sentence or the execution of sentence (People v. Moran, 281 App. Div. 865, affd. 306 N. Y. 662). * * * Under the broad powers of the Appellate Division to reduce sentences is included the power to hold, in a proper case, that sentence or the execution of sentence should be suspended. We are not called upon to decide whether there should be a suspension in this instance, but whether the Appellate Division has power to do so where section 203 of the Correction Law has been applied. We think that the Appellate Division has that power, and that it unduly circumscribed its jurisdiction by the order appealed from. * * * The judgment appealed from is reversed upon the ground that the Appellate Division is empowered to modify the sentence imposed by the County Court ”. In the Potskowski case, the court said: “ Of course, the Appellate Division has jurisdiction to extend mercy to a defendant by a reduction of sentence within limits fixed by statute (Code Grim. Pro., § 543, subd. 1; People v. Speiser, 277 N. Y. 342). Assault in the second degree, to be sure, may be punished by imprisonment in a State prison, and, where such imprisonment is imposed, a minimum term of one year is mandatory (Penal Law, § 2182, subd. 2). Even so, such punishment is not dictated by the applicable statute, which says: 1 Assault in the second degree is punishable by imprisonment in a penitentiary or state prison for a term not exceeding five years, or by a fine of not more than one thousand dollars, or both ’ (Penal Law, § 243). These words, it will be observed, prescribe no minimum term of sentence. Consequently a modification operating only as a mitigation of a sentence for assault in the second degree would be within the power of the Appellate Division (see People v. Speiser, supra).”
Thus, it is clear from a reading of these two Court of Appeals ’ cases and the quotations therefrom that the Appellate Division does have the power to diminish or suspend the sentence already imposed in this case.
The suggestion that the Appellate Division cannot suspend because the County Court did not have that right is met by *270 section 2188 of the Penal Law which states as follows: 1 ‘ The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. ’ ’ Anyway, this question has been put to rest by the Zuckerman decision.
The contention that section 2183 of the Penal Law requires that incarceration, if imposed, must be for at least a year is not supported by the language of the section. It states: ‘1 Where a person is convicted of a crime punishable by imprisonment for a term exceeding one year, and is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a state prison ”. A reading of that section fails to establish the requirement of at least one year of imprisonment. It merely says that if the court imposes a term exceeding one year then the confinement must be in a State prison.
Section 1297 of the Penal Law, which is involved in this case, states that “ Grand larceny in the second degree is punishable by imprisonment for a term not exceeding five years ’ ’. Thus, it states an outside maximum of five years, but no minimum. In that respect it is similar to the statute in the Zuckerman case which involved section 1935 of the Penal Law. That section too had an outside maximum, i.e., of seven years, but no minimum. It is also similar to the situation in the Potskowski case. Both here and there the maximum limit was five years, with no minimum mentioned. The mere addition in the assault punishment section of “ in a penitentiary or state prison ” merely states the obvious. Anyway, section 21 of the Penal Law requires that all the provisions of the Penal Law ‘ ‘ must be construed according to the fair import of their terms, to promote justice and effect the objects of the law”. Mere word gymnastics do not change the basic meaning of the two statutes, nor lessen their similarities of language or objectives, especially when viewed in the light of section 21.
The District Attorney urges that upon a conviction for a felony in Nassau County a defendant may be sentenced by the County Court only to a term of imprisonment in a State prison, if there is no county penitentiary. He argues further that the Nassau County Jail cannot he used for the detention of one convicted of a felony by reason of subdivision 4 of section 500-a of the Correction Law. The quick answer to this is that the defendant can always be placed in a penitentiary located in some other part of the State of New York, but in the juris die *271 tion and control of the New York State Department of Correction. And, furthermore, if there is a difference between those convicted in Nassau County and those convicted in other counties as to their right to receiving lesser sentences or being sent to a penitentiary, then a clear question for review has been raised for the Appellate Division. This raises a question under the equal protection clauses of the Federal and State Constitutions.
Thus, the Appellate Division does have the right to lessen or suspend the sentence in this case; there is a question as to whether the defendant has a right to have that court consider a penitentiary sentence; and that court has general control over the activities of members of the Bar.
“ The Appellate Division has jurisdiction to extend mercy to a defendant by a reduction of sentence within limits fixed by statute ”. (People v. Potskowski, 298 N. Y. 299, 303, supra.) In view of the fact that the defendant was a member of the New York Bar who was admitted to practice by the Appellate Division, that higher court might very well want to scrutinize the sentence imposed in this case. It might desire to “ extend mercy ’ ’ to the defendant, or it might very well deem a sentence with a maximum of two years and a minimum of one year as excessive in view of the fact that the defendant was a young-lawyer who had never committed a previous crime. This is not to say that the County Court’s sentence was excessive or severe. No opinion of any kind is being expressed in that respect; nor is this to say that the Appellate Division will in any way reduce, modify or change the sentence; but merely to say that under the circumstances it might do so. Therefore, while this reasonable doubt exists, this young former member of the Bar should not be compelled to exhaust in jail the term of imprisonment now imposed upon him. By the time the Appellate Division acts in this case, if it chooses to “ extend mercy ” and to act favorably toward him, it may be too late. The term may have been served. Furthermore, the People are in no way prejudiced because if the Appellate Division chooses not to modify, change or suspend, the defendant will still have to serve out his term.
Other contentions made by the defendant are without merit.
Under the circumstances, a certificate of reasonable doubt is granted and the defendant is admitted to bail, during the pendency of the appeal, upon furnishing a proper undertaking-in the sum of $12,000.
Submit order.