■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAFAEL NEGRON, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered October 20, 1961 after a jury trial, convicting him of burglary in the third degree and of petit larceny, and: (a) imposing upon him, as a second felony offender, a sentence of 5 to 10 years on the burglary count; and (b) suspending sentence on the petit larceny count. Defendant was tried jointly with codefendant, Benny Adams. Judgment affirmed. Since this defendant Negron is a second felony offender, the sentence may not be reduced below the five-year minimum to which he was sentenced (Penal Law, § 1941). That statute deprives the court of power to suspend the

execution of the balance of defendant's sentence after his imprisonment has commenced (Penal Law, § 2188). In *People* v. *Silver* (10 A D 2d 274) and *People* v. *Paperman* (19 A D 2d 656), defendants had not commenced their imprisonment. The case of *People* v. *Zuckerman* (5 N Y 2d 401) concerned an indeterminate sentence. The language of the Court of Appeals in *Zuckerman* (*supra,* p. 403) to the effect that the Appellate Division has the right to review a refusal to suspend sentence or its execution, must be read in conjunction with the antecedent statement that section 543 of the Code of Criminal Procedure contains an "express limitation" on the power of this court, i.e., that we may not reduce a sentence imposed to a sentence lighter than the minimum penalty provided by law. Moreover, the power to suspend sentence in the case at bar was lost by the sentencing court and by this court by the commencement of defendant's imprisonment. In any event, there is no proof that an application was made for a suspended sentence and that the application was refused. In fact, on this appeal defendant's brief requests only that this court exercise its discretion and reduce the sentence to the minimum. (For companion appeal, see *People* v. *Adams,* 21 A D 2d 898.) Beldock, P. J., Kleinfeld, Christ and Brennan, JJ., concur. Hill, J., dissents and votes to modify the judgment by suspending execution of the sentence on the burglary count; and, as so modified, to affirm the judgment, with the following memorandum: I cannot agree that this court is without power to deal with the sentence of this defendant Negron simply because he is a second offender and received the minimum prison term. Unquestionably, until the trial court has lost its jurisdiction by the defendant's actual incarceration under the prison term imposed by the sentence, the court could have suspended the execution of the sentence (Penal Law, § 2188). Upon appeal, the appellate courts may "in cases where an erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment to conform to the verdict or finding; in all other cases they must either reverse or affirm the judgment or order appealed from or reduce the sentence imposed to a sentence not lighter than the minimum penalty provided by law" (Code Crim. Pro., § 543). The broad powers vested in the Appellate Division to reduce sentences embrace the power to hold, in a proper case, that sentence or the execution of sentence should be suspended (*People* v. *Zuckerman,* 5 N Y 2d 401, 403–404). In my opinion this is a proper case for suspension of the execution of sentence. I have examined the probation report submitted to the sentencing court, and I am of the opinion that this defendant is a suitable subject for probation; and that that fact should be considered and passed on by this court. In the case of *People* v. *Zuckerman* (*supra,* pp. 403–404), VAN VOORHIS, J., writing for the court, said: "The sole question before us is whether the Appellate Division has power to review an indeterminate penitentiary sentence under section 203 of the Correction Law. Under section 543 of the Code of Criminal Procedure, implementing section 8 of article VI of the State Constitution, 'the Appellate Division has complete jurisdiction to reduce the sentence' (*People* v. *Speiser,* 277 N. Y. 342, 344). The only express limitation upon that power is that the Appellate Division may not reduce a sentence imposed to a sentence 'lighter than the minimum penalty provided by law for [an] offense'. No minimum is prescribed by section 1935 of the Penal Law, which prescribes the punishment for violations of section 1897. This power has frequently been exercised (e.g., *People* v. *Hyde,* 3 A D 2d 854 and cases cited). The cases cited by the majority of the Appellate Division as holding that it lacks power to review this kind of a sentence were all decided on the authority of *People* v. *Porfido* (279 App. Div. 1036). "What was said in *Porfido* is correct, following *People* v. *Thompson* (251 N. Y. 428), that it

may not be presumed that the sentencing court imposed a sentence to serve an indeterminate term as a punishment more severe than the definite terms of sentence in the absence of a finding of incorrigibility. But appellant had the right to have the Appellate Division review the refusal to suspend sentence or the execution of sentence (*People* v. *Moran*, 281 App. Div. 865, affd. 306 N. Y. 662). One of the Justices at the Appellate Division, at least, considered that the sentence should be limited to the time already served, and, for aught that appears to the contrary, the majority may have agreed with him except that they considered that they lacked the power. In *People* v. *Porfido* (*supra*), no request was made of the sentencing court to suspend the sentence, nor was suspension considered by the Appellate Division. Under the broad powers of the Appellate Division to reduce sentences is included the power to hold, in a proper case, that sentence or the execution of sentence should be suspended. We are not called upon to decide whether there should be a suspension in this instance, but whether the Appellate Division has power to do so where section 203 of the Correction Law has been applied. We think that the Appellate Division has that power, and that it unduly circumscribed its jurisdiction by the order appealed from." In *People* v. *Zuckerman* (*supra*); *People* v. *Thompson* (251 N. Y. 428) and in *People* v. *Porfido* (279 App. Div. 1036), the courts were dealing with the alternative system of punishment in cities of the first class. Here we are dealing with a sentence to a penal institution; and it is clear that suspension of the execution of sentence is not a *reduction* of the sentence imposed to a sentence lighter than the minimum provided by law. The defendant on this appeal prays, in the language of his brief, that his sentence be reduced on the ground that: " the crime in this instance consisted of the breaking of the window and the theft of two hats having a total retail value of $21. " Without in any way minimizing the seriousness of the crime, the punishment appears harsh when compared to the value of the articles taken. Assuming that each appellant received one hat worth $10.50 each at retail, appellant Negron faces the possibility of up to ten years in prison, or one year for each dollar stolen. We submit that the sentence of appellant Negron should be reduced to the minimum permitted by law." In my opinion this request is a sufficient appeal to this court to consider suspending execution of sentence. For these reasons, execution of the sentence imposed on this defendant should be suspended during his good behavior.