In the Matter of RICHARD A. HENNESSY, JR., as District Attorney for the County of Onondaga, Petitioner, v PATRICK J. CUNNINGHAM, as County Court Judge for the County of Onondaga, et al., Respondents.

Fourth Department, May 20, 1977

*Richard A. Hennessy, Jr., District Attorney (John Cirando* of counsel), petitioner *pro se.*

*Ralph I. Greenhouse (Rudolph Parr* of counsel), for Patrick J. Cunningham, respondent.

*Paul R. Shanahan* for Ernest W. Speach, respondent.

CARDAMONE, J. The District Attorney of Onondaga County has commenced an original proceeding under CPRL 7802 bringing up for review before us an order of Onondaga County Court dated February 1, 1977 which vacated the imposed one-year sentence of respondent Ernest W. Speach.

The facts underlying this controversy are without dispute. Respondent Speach was convicted of the crime of grand larceny in the third degree on July 8, 1975 after a jury trial and on September 23, 1975 he was sentenced by Hon. Albert ORENSTEIN, then Onondaga County Court Judge, to a term of imprisonment of one year in the Onondaga County Penitentiary. Respondent appealed his conviction to this court and pending that appeal a stay of sentence was granted. We affirmed the conviction on October 29, 1976 reviewing, *inter alia,* the alleged excessiveness of sentence (54 AD2d 826) and an application for leave to appeal to the Court of Appeals was denied (41 NY2d 869).

Meanwhile Judge ORENSTEIN, before whom the indictment was tried and who imposed the original sentence, retired on December 31, 1975. The vacancy resulting from his retirement was filled by the Hon. PATRICK J. CUNNINGHAM who has served as Onondaga County Court Judge since January 1, 1976. During the pendency of the application for leave to appeal to the Court of Appeals, a motion was made by respondent Speach before Judge CUNNINGHAM for an order to vacate the sentence originally imposed upon him, on the basis of his doctor's diagnosis that he is suffering from "probable multiple sclerosis". This condition dates back to 1953; the doctor's written report notes that Speach's condition is stable and he is not receiving any medication. At the time when the probation

report was prepared and submitted to Judge ORENSTEIN for the purpose of imposing sentence, respondent Speach did not make known this condition, nor did he inform his attorney of it until December, 1976.

On February 1, 1977 Judge CUNNINGHAM in a memorandum decision and order vacated the sentence previously imposed by Judge ORENSTEIN. We observe initially that if respondent Speach has a right to be resentenced, such right cannot be lost because of the fortuitous retirement, death, resignation or incapacity of the Judge who originally sentenced him. Rather, as the Court of Appeals has stated, the rule is that jurisdiction of a court to stay the execution of a sentence does not expire with the term at which a defendant is tried, it is not confined to the term, nor the one Judge, but it is vested in the court *(People ex rel. Woodin v Ottaway,* 247 NY 493, 495). Nor, the Court of Appeals continued, is the jurisdiction of the court of original jurisdicition lost by appeal to the Appellate Division and affirmance by that court before the application for a stay was made *(id.,* p 496). Finally, it concluded, that a judgment of affirmance by it or the Appellate Division was not an expression of opinion as to the propriety of staying or suspending the execution of sentence, since "[t]here is no jurisdiction in either court to express such an opinion with any authoritative force" *(id.,* p 497). With respect to the final holding, however, the Court of Appeals has more recently held that the Appellate Division under its broad powers to reduce sentences may hold, in a proper case, that execution of sentence be suspended *(People v Zuckerman,* 5 NY2d 401, 403-404; see *People v Speiser,* 277 NY 342). To the extent that *Woodin* held that the court of original jurisdiction retained jurisdiction to stay or suspend execution of sentence, we believe it is still viable law. Nonetheless, in light of *Zuckerman,* that power retained by the court of original jurisdiction with respect to a change in sentence after appeal and affirmance by the Appellate Division is, however, very narrow and available only when sentence has not commenced to run as defined by former Correction Law (§ 231; see Penal Law, § 70.30, subd 1) and, also, only for those matters which arise subsequent to appellate review (accord, *People v Canna,* 35 AD2d 1062).

Thus, the question squarely posed is—may the sentence originally imposed on respondent Speach, under the facts present, be vacated by the County Court. With respect to Mr.

Speach's medical condition, which supplied the basis for the order before us for review, all relevant information known at the time and which would bear on his sentence should have been submitted to the original sentencing court so as to guide that court in the exercise of its discretion. Failing to do so, there still remained the possibility of bringing such information to the attention of this court upon appeal (CPL 470.15, subd 3, par [c]). Simply stated, all matters known or which reasonably should have been known by respondent are rightly required to be presented by him in order to preserve an orderly process in the administration of trials, sentences and appeals. Such proposition insures that a defendant not experiment with one defense before the trial court and thence through the appellate process and when it has failed him—and only then for the first time—proffer before the trial court another defense which he knew about all along and chose to hold in reserve (see, *People v Schmidt,* 216 NY 324, 329).

Concededly, there may arise a rare case where a defendant, whose sentence has not yet commenced under former Correction Law (§ 231; see Penal Law, § 70.30, subd 1) and whose appeal from sentence has been heard, will have such exceptional circumstances as to prompt an application for relief from the sentence imposed. That application may properly be brought—in the interest of judicial economy—before the court of original jurisdiction *(People ex rel. Woodin v Ottaway,* 247 NY 493, 497, *supra)* which possesses the power to change or suspend it (CPL 430.10). Such is not the case before us, however. Here the evidence reveals that respondent had ample opportunity to present his long-standing medical condition to the Judge who originally sentenced him or to this court on appeal. He also "had the right to have the Appellate Division review the refusal to suspend sentence or the execution of sentence" *(People v Zuckerman,* 5 NY2d 401, 403, *supra).* Under these circumstances, therefore, we see no ground upon which to disturb the sentence originally imposed *(People v Canna,* 35 AD2d 1062, *supra).*

The order which purports to vacate the original sentence should be vacated and the original sentence imposed on respondent should be reinstated.

Marsh, P. J., Dillon, Goldman and Witmer, JJ., concur.

Petition unanimously granted without costs, order dated

February 1, 1977 vacated and sentence imposed on September 23, 1975 reinstated.