THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM MASSELLI and AUGUST FRANK MAZZELLA, Appellants.

First Department, March 1, 1960.

*Irving Anolik* of counsel (*Isidore Dollinger, District Attorney,* attorney), for respondent.

*Daniel H. Greenberg* for appellants.

*Per Curiam.* The defendants in this case were indicted, charged with the crimes of kidnapping, robbery in the first degree, grand larceny in the first degree, and assault in the second degree. They were convicted after trial of robbery in the first degree and assault in the second degree. The evidence which formed the basis of the charges rested upon the testimony of a complaining witness, Narad. His testimony in brief was to the effect that he was accosted by these defendants, one of whom was armed with a gun; that he was forced into his car, driven some distance away, and robbed of the sum of $300 cash and a wrist watch, and that a radio was taken from his car. Then he was put out of the car, which was returned to the immediate vicinity from which it had been taken originally, and double parked where it was found subsequently by the police.

The defendants testified that they had spoken with one Gunn, who told them to get $50 from Narad or that he had given Narad $50 for them. They told this to Narad, who said that he had not received any message from Gunn and did not have $50 for them. Further discussion allegedly ensued, and defendants thereafter removed a radio worth approximately $40–$45, from the rear seat of Narad's car and when Narad remonstrated, the defendants testified they told him to put it on Gunn's bill. Narad, a salesman of clothing and other personal property, testified that Gunn had been one of his customers for a period of eight or nine years.

At the time the case was submitted to the jury the defendants requested the court to charge the jury on lesser degrees of the crimes charged in the indictment. This request was refused.

Under the circumstances, we think this was error. The rule has been succinctly stated that if upon any view of the facts the defendants could properly be found guilty of a lesser degree or an included crime, the Trial Judge must submit such lower offense. (*People* v. *Mussenden,* 308 N. Y. 558; Code Crim. Pro., §§ 444, 445.)

Narad, it will be recalled, testified to the alleged kidnapping and that the defendants robbed him of the sum of $300 and a wrist watch; while the defendants contended that they had only removed the radio from the car.

The jury requested that Narad's testimony be reread and thereafter by their verdict rejected his story of the kidnapping

and grand larceny in the first degree and, as pointed out, convicted the defendants of robbery in the first degree and assault in the second degree. The evidence would have permitted conviction of lesser degrees of the crimes charged, had they been submitted to the jury.

It would thus appear from the facts of this case and the verdicts rendered that the charge requested should have been given. As Judge FULD pointed out in *People* v. *Mussenden* (*supra*, p. 562), " although originally ' intended merely to prevent the prosecution from failing where some element of the crime charged was not made out ' (*People* v. *Murch*, 263 N. Y. 285, 291; see, also, *People* v. *Miller, supra*, 143 App. Div. 251, affd. 202 N. Y. 618), the doctrine, given expression in sections 444 and 445, redounds to the benefit of defendants as well, since its effect actually is to empower the jury ' to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence '. (*People* v. *Rytel, supra*, 284 N. Y. 242, 245.) "

Since a new trial is required, it might be well to point out that it was error to admit into evidence, as distinguished from questioning defendant witness about them, the confessions of other and different crimes than those with which the defendants stood charged, in the absence of proof which would make such written confessions of other crimes an issue in chief. While it was contended that the purpose was to impeach the defendants, such purpose as to collateral matters may not be accomplished by the calling of other witnesses or the production of extrinsic evidence. The impeachment, if any, which resulted from the other confessions was on collateral matters accomplished by the introduction of extrinsic evidence, which in our view tended to unduly prejudice the defendants.

The judgments appealed from should be reversed, on the law, and, in the exercise of discretion, a new trial ordered.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and STEVENS, JJ., concur.

As to each defendant, judgment unanimously reversed upon the law, and, in the exercise of discretion, a new trial ordered.