THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM MASSELLI and AUGUST FRANK MAZZELLA, Appellants.

First Department, December 13, 1962.

*Jerry Chandler* for appellants.

*Irving Anolik* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

RABIN, J. Defendants appeal from judgments of conviction rendered against them on June 30, 1961, convicting each of them of the crime of attempted robbery in the third degree upon respective pleas of guilty. Each was sentenced to a prison term of two and one-half to five years.

By an indictment filed on September 20, 1957, in Bronx County, the defendants were charged with the crimes of kidnapping, robbery in the first degree and assault in the second degree. After trial they were both convicted of robbery in the first degree and assault in the second degree and on December 4, 1958, they were sentenced to terms in State prison. These convictions were appealed to this court which, by order dated March 1, 1960, unanimously reversed the convictions and directed a new trial (10 A D 2d 45).

At the time of the entry of this court's order of reversal the defendants were inmates of Clinton Prison by reason of a conviction in another county of the State. They received notice of the reversal on March 2, 1960 and on the same day they made request through the chief clerk of the prison, pursuant to section 669-a of the Code of Criminal Procedure,* that the Bronx County indictment (underlying the conviction that had been

---

* Defendant Masselli alleges, without contradiction, that he transmitted a written request to the chief clerk in accordance with section 669-a of the Code of Criminal Procedure. Defendant Mazzella did not send a written notice pursuant to section 669-a to the chief clerk but he did inquire of the clerk relative to the Bronx indictment. He states, without contradiction, that he was advised that no notice under section 669-a would be transmitted while other warrants lodged against him were still outstanding. We perceive no essential difference between the two situations. In the circumstances a refusal by the chief clerk of the prison to entertain a notice pursuant to section 669-a is the substantive equivalent of a receipt of such notice and a failure to transmit the same.

reversed) be disposed of in accordance with that section.* The chief clerk advised them that there could be no disposition of The Bronx indictment until a New Jersey warrant lodged against them at the prison had been disposed of. Nothing further was done either by the defendants or the prison authorities relative to the requests made under section 669-a.

On January 16, 1961 (some 10 months after defendants' communications with the chief clerk relative to § 669-a) the defendants were produced in the Bronx County Court for trial. Counsel was subsequently appointed to represent them and thereafter, on March 20, 1961, the defendants moved to dismiss the indictment on the ground, *inter alia*, that the defendants had not been brought to trial within the 180-day period provided for in the section. The motions were denied on the ground that the District Attorney of Bronx County had not received any

---

* § 669-a. Disposition of untried indictments, informations or complaints.

1. (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the district attorney of the county in which the indictment, information or complaint is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the commissioner of correction stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the board of parole relating to the prisoner.

(b) The written notice and request referred to in paragraph (a) hereof shall be given or sent by the prisoner to the commissioner of correction who shall promptly forward it together with the certificate to the appropriate district attorney and court by registered or certified mail, return receipt requested.

(c) The commissioner of correction shall promptly inform the prisoner in writing of the source and contents of any untried indictment, information or complaint against him concerning which the commissioner of correction has knowledge and of his right to make a request for final disposition thereof.

(d) Escape from custody by the prisoner subsequent to his execution of the request for final disposition referred to in paragraph (a) hereof shall void the request.

2. In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

3. The provisions of this section shall not apply to any person adjudged to be mentally ill.

request for a disposition of the indictments from the defendants and that accordingly the 180-day period had not commenced to run.

Subsequent to the denial of these motions the defendants pleaded guilty to attempted robbery in the third degree. The appeals from the judgments rendered upon such pleas are now before us. We are specifically asked to review the County Court's denial of the motions to dismiss the indictment based upon section 669-a.

A threshold question that must be determined concerns itself with the power of this court to review the orders denying the motions to dismiss. The District Attorney contends that these motions are not part of the "judgment-roll" (Code Crim Pro., § 485) and thus are not reviewable (Code Crim. Pro., § 517). This contention is without merit. The Court of Appeals has held that such intermediate orders are appealable and that a subsequent plea of guilty does not bar their review (*People* v. *Chirieleison*, 3 N Y 2d 170; *People* v. *Prosser*, 309 N. Y. 353).

Reaching the merits of the motions to dismiss the ultimate issue presented appears to be a rather narrow one — need the District Attorney actually receive the notice pursuant to section 669-a before the 180-day period commences to run? However, before entering upon a discussion of this question it may be well to first dispose of one additional preliminary question.

Section 669-a provides in subdivision 1 (par. [b]) the method by which the prisoner effects service of the notice and request for disposition upon the District Attorney. It provides that the notice and request "shall be given or sent by the prisoner to the commissioner of correction who shall properly forward it * * * to the appropriate district attorney". Here the defendants' only communication was with the chief clerk of the prison. We conclude however — and the District Attorney does not argue to the contrary — that service upon the chief clerk of the prison is, at least for purposes of section 669-a, to be deemed service upon the Commissioner of Correction. A practical recognition of the limitations imposed upon the prisoner's freedom of communication requires that we so construe the statute if it is to have any meaning. The prisoner is obliged to communicate "through channels" and when liaison is made with the chief clerk of the prison he should be deemed to have made contact with the Commissioner of Correction.

Having thus concluded that, in effect, the actions of the chief clerk were, for the purposes with which we are here concerned, those of the Commissioner of Correction, we reach the ultimate question of whether the District Attorney must actually receive

the notice and request before the time to bring the indictment on for trial commences to run.

As aforesaid, subdivision 1 (par. [b]) of section 669-a provides the procedure to be followed by a prisoner in seeking to effect a disposition of any untried indictment pending against him. He is obliged to give or send his notice to the Commissioner of Correction. From that point forward there is nothing that he must do. It then becomes the obligation of the Commissioner to forward the notice and request together with the Commissioner's "certificate" to the appropriate District Attorney and court.

Section 669-a gives to the Commissioner of Correction — and a fortiori to his subordinates — no discretion, but rather mandates him to forward a prisoner's notice and request for indictment disposition. There being no discretion, then the acts of the chief clerk were in violation of the duty imposed by the statute. Shall the consequences of such omission be visited upon the defendants so as to deprive them of the valuable rights sought to be given them in section 669-a? We think not.

The obvious purpose of the section was to give prisoners the option of requiring that pending untried indictments be disposed of expeditiously. Such right was denied these defendants. The failure of the District Attorney to be apprised of the notice and request is of no consequence where it was due to the failure of the correction authorities to perform a duty enjoined upon them by law. The Correction Department officials — as well as the District Attorney — are agents and representatives of the People of the State of New York. As between the defendants and the sovereign, the burden of such omission should fall on the latter. To hold otherwise could well render the statute ineffectual and defeat the salutary purpose the Legislature sought to effect (see *People* v. *Esposito,* 37 Misc 2d 386).

It should be noted that our conclusion in this regard does not — contrary to the impression sought to be created — place the District Attorney in a position of complete helplessness. As a practical matter, the District Attorney knows of the whereabouts of persons imprisoned in this State who are awaiting trial or retrial under indictments pending in his county. The District Attorney can, if he wishes, use such knowledge to make inquiry at the correctional institution to determine whether the inmate has served or offered to serve a notice and request pursuant to section 669-a. It should also be noted that while section 669-a imposes no obligation on the District Attorney to make such inquiry his failure to so do could, by mere passage of time, result in a dismissal under section 668 of the Code of Criminal Procedure. Such a dismissal could eventuate even in the absence

of a demand by a defendant for disposition of the charges under section 669-a of the Code of Criminal Procedure (see *People* v. *Bryant,* 12 N Y 2d 719).

While it might be said that criminals should not go free merely because of the blunder of the Correction Department authorities (see *People* v. *Defore,* 242 N. Y. 13, 21), the language of the United States Supreme Court in *Mapp* v. *Ohio* (367 U. S. 643, 659) appears to furnish a complete answer. It was there said: " The criminal goes free, if he must, but it is the law that sets him free. Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence."

There is also some discussion in the District Attorney's brief which indicates that there might have been circumstances present which could well have made difficult if not impossible a trial of the defendants within the 180-day period. Be that as it may, it is of no consequence in reaching a determination of this appeal. Section 669-a expressly provides for such a contingency by permitting the District Attorney to obtain extensions of the statutory period. However, to obtain such an extension the District Attorney must make an application for a continuance " for good cause shown in open court, the prisoner or his counsel being present ". No such application was made in this case.

Accordingly, the judgments of conviction should be reversed and the indictment dismissed with prejudice.

BOTEIN, P. J., VALENTE, McNALLY and EAGER, JJ., concur.

Judgments of conviction unanimously reversed, on the law, and the indictment dismissed with prejudice.