519 P.2d 877

In the Matter of the Application for Writ of Habeas Corpus of Charles Rockmore aka William Alfred Davis, Jr., aka Charles Sapp.

Charles ROCKMORE, Appellant,

v.

The STATE of Arizona, Appellee.

No. 2 CA-CIV 1507.

Court of Appeals of Arizona, Division 2.

March 13, 1974.

Rehearing Denied April 9, 1974.

Review Denied April 30, 1974.

Albert R. Gamble, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, and Jack L. Lansdale, Certified Third-Year Law Student Under Rule 28(e), for appellee.

## OPINION

KRUCKER, Judge.

This is an appeal from a denial of appellant's petition for a writ of habeas corpus. The sole issue is whether or not the State of Arizona complied with the Agreement on Detainers, A.R.S. § 31-481.

In July of 1971, an information was filed in Pima County, Arizona, charging appellant with two counts: (1) attempting to obtain money by confidence game, and (2) conspiracy to commit confidence game. Appellant did not appear at the time set for trial in September, 1971, and a bench warrant for his arrest was subsequently issued. Thereafter, on April 12, 1972, appellant was incarcerated in the Los Angeles County Jail for a misdemeanor violation. Apparently he was then on parole from a California penal institution. The Pima County Sheriff's office was notified May 16, 1972, by the Los Angeles authorities that appellant was in their custody. Two days later, May 18, 1972, the Pima County Attorney's office lodged a detainer against appellant.

While in the Los Angeles County Jail, appellant, pursuant to Article III of the Agreement on Detainers, caused to be delivered to the Presiding Judge of the Superior Court of Pima County a petition for a speedy trial. The petition was received August 28, 1972, and attached thereto was a record of inmate's legal document from the Los Angeles Sheriff's Department. On the following day both documents were forwarded to the county attorney, who, in turn, wrote appellant on August 30 acknowledging receipt of the petition and advising him that extradition proceedings were being commenced.

Some time during October, 1972, appellant was transferred from the Los Angeles County Jail to a correctional institution in Chino, California. On December 4, 1972, the Pima County Attorney's office sent to the Superintendent of Chino a written request for temporary custody of appellant and asked that appellant waive the 30-day waiting period set out in Article IV of the Agreement on Detainers. He refused to sign the waiver and the Pima County Attorney's office was so informed December 18, 1972.

On April 12, 1973, appellant was returned to Arizona from the California State Prison at Folsom where he was then incarcerated. Following his return, appellant filed a petition for a writ of habeas corpus in Pima County Superior Court claiming unlawful detainer because the State of Arizona did not bring him to trial within 180 days as prescribed in Article III of the Agreement on Detainers. Following a hearing, the petition was denied. For the reasons set forth herein, we hold that the trial court erroneously denied appellant's petition.

A.R.S. § 31-481, Art. III, provides in part:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the

prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."

Appellant argues that the 180-day time period in Art. III(a) began to run August 28, 1972, the date his petition for a speedy trial was received by the Pima County authorities. Since he was not brought to trial within 180 days, he maintains that the information should be dismissed.

The State counters by first arguing that the 180-day period never began to run because no detainer was lodged against appellant. Evidently the State is unaware of the letter dated May 18, 1972, from the Pima County Attorney to the Los Angeles Police Department. The letter contained certified copies of the Pima County information and bench warrant and specifically stated that ". . . these papers are to serve as a detainer on him."

The State's next argument is that appellant did not comply with the requirements of A.R.S. § 31–481. This argument is twofold. First, the State asserts that appellant's petition was incomplete because it was not accompanied by a certificate as required by Art. III(a); second, that he did not have the sending state, California, offer to deliver temporary custody as required by Art. V(a).

We find no merit in either argument. The purpose of the Agreement on Detainers is to encourage expeditious and orderly disposition of outstanding charges against a prisoner and a determination of the proper status of all detainers based on untried indictments, informations or complaints. A.R.S. § 31–481, Art. I. To effectuate this purpose, the agreement is to be liberally construed. A.R.S. § 31–481, Art. IX. As to the certificate, Art. III (a) sets forth what it shall include and places the burden of preparing it upon the appropriate official having custody of the prisoner. That official also has the responsibility of forwarding the request for final disposition and the certificate to the appropriate prosecuting official and court. A.R.S. § 31–481, Art. III(b). All that is required of the prisoner is that he give or send written notice and a request for final disposition to the official having custody of him, which appellant did. Relief should not be denied appellant when officials of the sending state fail to send the appropriate certificate. To hold otherwise would defeat the purpose of the agreement.

A.R.S. § 31–481, Art. V(a), provides in part:

"(a) In response to a request made under Article III or Article IV hereof, the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner to the appropriate authority in the state where such indictment, information or complaint is pending against such person in order that speedy and efficient prosecution may be had. If the request for final disposition is made by the prisoner, the offer of temporary custody shall accompany the written notice provided for in Article III of this agreement."

This section places the duty upon the sending state to offer temporary custody at

the time a prisoner requests final disposition. We shall not punish a prisoner when the sending state fails to make such an offer.

A state may initiate the return of a prisoner by following the provisions set out in Article IV of the agreement. Before a prisoner can be returned under this Article, there is a 30-day waiting period after receipt of a written request for temporary custody. Such a request was made December 4, 1972, but appellant refused to waive the 30-day period. The State argues that since appellant failed to sign the waiver, he caused part of the delay in bringing him to trial. We find no merit whatsoever in this contention.

Upon receipt of appellant's petition for a speedy trial on August 28, 1972, the provisions of Art. III became operative. He thereby consented to his return and waived extradition. A.R.S. § 31–481, Art. III(e). No waiver was necessary because appellant initiated his own return under Article III. Article IV is inapplicable. He could have been returned any time within the 180-day period. We fail to see how any of the delay was occasioned by appellant.

For the foregoing reasons, the order denying appellant's petition for habeas corpus relief is vacated. The case is remanded with direction that an appropriate order be entered in accordance with A.R.S. § 31–481, Art. V(c), dismissing the information with prejudice.

HATHAWAY, C. J., and HOWARD, J., concur.