**Frederick BURNS, Alias, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

May 3, 1978.

Eric D. Christiansen, Greeneville, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, John K. Wilson, Asst. Dist. Atty. Gen., Larry Weems, Asst. Dist. Atty. Gen., Greeneville, for appellee.

OPINION

TATUM, Judge.

The appellant, Frederick Burns, seeks reversal of four convictions for passing forged instruments over the value of $100. He assigns no error relating to the sufficiency of the evidence, conduct of the trial, or punishments; but rather to the court's refusal to dismiss the presentments with prejudice on the ground that the State failed to prosecute the charges within the time limit set by the Interstate Compact on Detainers

(T.C.A. § 40–3901 *et seq.*).[1] He also assigns error that he was not granted a speedy trial. We reverse the convictions and dismiss the presentments.

We will summarize the pertinent facts. The presentments were returned on 13 January 1975. Several capiases were issued, but could not be served because the whereabouts of the appellant was unknown. Subsequently, the Greeneville Police Department determined that the appellant was an inmate in the Federal Penitentiary at Lewisburg, Pennsylvania and on 14 July 1975, a detainer for the appellant was placed with the Lewisburg authorities. On 21 July 1975, the warden at Lewisburg, in compliance with Article III(c) of the Interstate Compact on Detainers, notified the appellant of the untried charges against him and of his right to make a request for final disposition of these charges in Tennessee and to a trial within 180 days. The notice instructed the appellant to notify Mr. G. C. Nye of the Lewisburg Records Office if he desired to request final disposition of these untried charges.

On 28 July 1975, the appellant sent to Mr. Nye a written request stating, "I would like to have the detainer that you notified me of, from Greeneville, Tennessee, disposed of by the agreement act." However, the appellant's request for final disposition was not forwarded by the warden at Lewisburg to the "appropriate prosecuting officers and courts" in Greene County, Tennessee, as required by Article III(d) of the Interstate Compact. Therefore, the Tennessee authorities did not request temporary custody of the appellant within 180 days for trial as required by the Interstate Compact, although on 8 October 1975, the Greeneville Police Department inquired of the Lewisburg Penitentiary whether the appellant could be released for trial. On 21 October 1975, the Greeneville Police Department was informed by letter from the Lewisburg Penitentiary that the appellant could be returned for trial under the terms of the Interstate Compact on Detainers or by Writ of Habeas Corpus. On 21 December 1976, the District Attorney General requested temporary custody of the appellant under the Interstate Compact. On 31 May 1977, the appellant was brought to trial.

After a hearing, the Trial Court dismissed appellant's motion to dismiss on the grounds that the State officials were not dilatory in bringing the appellant to trial and that the appellant was not prejudiced by the delay.

The ultimate question for determination is whether the District Attorney General must actually receive notice of a defendant's request for final disposition of untried charges to invoke the provisions of the Interstate Compact. Article III(a) of the Interstate Compact provides that a defendant "shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . ." Article III(b) of the Compact provides:

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

In deciding a kindred question in *Nelms v. State,* 532 S.W.2d 923, 926, 927 (Tenn. 1976), the Tennessee Supreme Court said:

Secondly, the State maintains that it should not be prejudiced because Iowa authorities negligently failed to provide Tennessee authorities with an offer of temporary custody as provided by Article V(a) of the Compact. This position necessarily encompasses the view that the

---

1. The United States is a party to the Interstate Agreement on Detainers Act, § 1 *et seq.*, 18 U.S.C.A. App. (Supp.1976).

burden is on the defendant to insure that he is temporarily released from custody so that he may stand trial in another state. The statute clearly does not place such a burden on the defendant. It merely requires that the defendant cause " . . . to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment . . . " T.C.A. § 40–3901, Article III(a). The petitioner clearly complied with this provision.

\* \* \* \* \* \*

. . . Petitioner should not be charged with the responsibility of insuring that his captors have complied with provisions of the law when he has no control over their activities. By placing the burden of insuring compliance on the two states involved, the defendant is less likely to become "the victim of their contributory inaction." *People v. Esposito,* 37 Misc.2d 386, 201 N.Y.S.2d 83, 90 (Queens County Ct. 1960).

We hold that after a detainer has been filed, the Interstate Compact is triggered when a prisoner gives his captors notice of his request for final disposition of untried charges against him in compliance with Article III(b). The default of prison officials in the "sending state" in not notifying the officials in the "receiving state" is not imputable to a prisoner and does not defeat the prisoner's right under the Interstate Compact. The lack of prejudice by the delay and the diligence exercised by the officials in the "receiving state" is immaterial and of no effect. This holding is in accord with the authorities of other member jurisdictions. *Rockmore v. State,* 21 Ariz.App. 388, 519 P.2d 877 (1974); *Pittman v. State,* Del.Supr., 301 A.2d 509 (1973); *People v. Masselli,* 17 A.D.2d 367, 234 N.Y. S.2d 929 (1962); *People v. Esposito,* 37 Misc.2d 386, 201 N.Y.S.2d 83 (1960).

The above holding renders moot the constitutional speedy trial question.

The judgments of the Criminal Court of Greene County are reversed and the indictments are dismissed with prejudice.

O'BRIEN and DAUGHTREY, JJ., concur.