**STATE of Tennessee, Appellee,**

v.

**Bennie Edward BLACK, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 8, 1979.

David G. Dake, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., James R. Dedrick, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

SCOTT, Judge.

The appellant has appealed his conviction for escape from the Knox County Penal Farm, for which he received a sentence of not less than one nor more than two years in the state penitentiary. Four errors were assigned. In view of our action on the first, it is not necessary for us to reach the other three.

The appellant alleges that the trial court erred in overruling his motion to dismiss the presentment in this case with prejudice on the ground that the state failed to bring him to trial within the time required by the Interstate Compact on Detainers, codified in *TCA*, § 40–3901, et seq. This assignment is meritorious.

The chronology of significant events in this case are as follows: In October 1977, the appellant was confined at the Knox County Penal Farm, having been convicted of attempt to commit the felony of robbery. On the 13th day of that month he left the penal farm to go to work but never returned. On November 14, 1977, a state warrant was issued charging him with the offense of escape. On November 18, law enforcement authorities in Cayce, South Carolina notified Knox County authorities that the appellant was in their custody and that he was charged with larceny in that state.

By letter dated December 29, 1977, the Sheriff of Knox County forwarded a certified copy of the warrant to law enforcement officials in Cayce, South Carolina. It was stipulated that this certified copy was received by South Carolina officials on February 9, 1978. The letter, referring to the warrant stated, "(p)lease place it against him as a detainer . . . .".

Subsequently, the appellant was convicted of larceny in South Carolina and was incarcerated at Manning Correctional Institute, Columbia, South Carolina. On June 29, 1978, the appellant received a "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT, AND OF RIGHT TO REQUEST DISPOSITION". This notice contained the following statement:

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify George N. Martin, III of the institution in which you are confined.

The document was signed by Mr. Martin, the warden of that institution.

On that same day the appellant executed an "INMATES'S (sic) NOTICE OF PLACE OF IMPRISONMENT OR REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS", requesting final disposition of this charge. The document was directed to the District Attorney of the Knox County, Tennessee Court.

The same day Mr. Martin executed a "Certificate of Inmate Status", certifying his status as an inmate. Mr. Martin also executed an "Offer to Deliver Temporary Custody" of the appellant to the District Attorney of Knox County, Tennessee.

These documents were forwarded to the District Attorney General of Knox County, Tennessee and received on July 10, 1978.

On September 18, 1978, the grand jury of Knox County returned a presentment alleging that the defendant escaped from the Knox County Penal Farm. There was material variance between the indictment and the proof. In its brief the state conceded that the variance was material but it is not necessary to reach that issue.

On October 6, 1978, Mr. William R. Pratt, an Assistant Attorney General, executed a "Prosecutor's Acceptance of Temporary Custody Offered In Connection With a Prisoner's Request for Disposition of a Detainer". The acceptance form was certified correct and forwarded to South Carolina authorities by Honorable George P. Balitsaris, Judge, Division III, Criminal Court of Knox County, Tennessee. Eventually, the appellant was returned to Tennessee. On January 2, 1979, he was arraigned and counsel was appointed for him. At that time the case was set for trial on January 22, 1979. On January 5, 1979, the defendant's counsel filed a motion to dismiss,

alleging the violation of the Interstate Compact on Detainers. The motion was heard and overruled on January 11, 1979. In overruling the motion, the Court found that:

> There was no notice to the Court of the defendant's demand pursuant to the Interstate Compact on Detainers, and the defendant was in escape status from the Knox County Penal Farm at the time of his demand, . . . .

On January 22, 1979, the case was tried upon the defendant's plea of not guilty. He was found guilty and his punishment was fixed by the jury at not less than one nor more than two years in the state penitentiary. A timely motion for a new trial and/or judgment of acquittal was filed and overruled. The error in overruling the defendant's motion to dismiss was properly raised in the motion for a new trial.

Based on this chronology, the appellant has alleged and the Assistant Attorney General has more or less conceded that the state violated the Interstate Compact on Detainers. The relevant provision of the Compact states as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. TCA, § 40–3901, Article III(a).

South Carolina, like Tennessee, is a party state to the Compact. S.C.Code 1962, § 17–221, et seq.

■ It is common knowledge that January 22, 1979 was more than 180 days after June 29, 1978. The state contends however that the time begins to run from the date the presentment was returned by the grand jury. This position has no merit. In *Blackwell v. State*, 546 S.W.2d 828, 829 (Tenn.Cr. App.1976), this Court examined whether a capias for an alleged probation violation was an "untried indictment, information, or complaint" as that term is used in the Compact. The Court interpreted the terms, "untried" and "complaint" as used in the Compact as being at least in the nature of an untried indictment or information since some jurisdictions use the term "complaint" in lieu of the terms "indictment" or "information". The Court went on to find that the capias was not an "untried complaint". In *Ridgeway v. United States*, 558 F.2d 357, 360–361 (6th Cir. 1977), Chief Judge Phillips discussed detainers at great length. In so doing, it was recognized that detainers may be effective even before the case has reached the stage of a formal indictment or information.

In *Nelms v. State*, 532 S.W.2d 923, 927 (Tenn.1976), our Supreme Court held that due to the remedial nature of this legislation it is to be construed liberally in favor of those it was intended to benefit, to-wit: inmates incarcerated in one state with charges pending in another state.

■ Giving the act the liberal construction mandated by the Supreme Court, we hold that a "state warrant" is a "complaint" for purposes of the Interstate Compact on Detainers, TCA, § 40–3901, et seq. It is interesting to note that under our present rules of criminal procedure in order to obtain an arrest warrant it is necessary to execute a formal affidavit of "complaint". Rule 3, 4, T.R.Cr.P.

■ In refusing to dismiss the proceedings, the Court held that the appellant failed to notify the trial court of his request for disposition of the charges. In *Burns v. State*, 578 S.W.2d 650 (Tenn.Cr.App.1978), this Court held that the Compact only requires that the inmate give notice of his request for disposition to the warden. The failure of the warden to properly notify officials in this state, as in *Burns*, or the

Court, as in the present case, does not affect the inmate's rights under the Compact. As Chief Justice Fones observed, the inmate "should not be charged with the responsibility of insuring that his captors have complied with provisions of the law when he has no control over their activities". *Nelms v. State*, supra at 926, 927.

The state concedes that the appellant properly filed his request with the warden of the institution where he was incarcerated. Clearly, the appellant cannot be charged with the warden's failure to notify the court. It is interesting to note that at least one judge of the Criminal Court of Knox County was aware of his incarceration on October 6, 1978, when the acceptance of temporary custody was executed. The Criminal Court of Knox County is an entity and the knowledge of any one judge is certainly chargeable to all. While the Court did not have formal notice, a judge was aware of the proceedings and could have assured compliance with the Compact.

Finally, we note the deleterious effect of the detainer on the appellant. On the certificate of inmate status, Mr. Martin, the warden, noted that he had no parole eligibility due to the detainer which was placed against him. The appellant is still in the South Carolina State Penitentiary. As Judge Phillips observed in *Ridgeway v. United States*, supra, at 361, the detainee is often seriously hampered in his quest for a parole or commutation and may be denied institutional privileges because the detainer is outstanding against him. In *Blackwell v. State*, supra, at 830, 831, the detainer had no effect on Blackwell's Florida prison status. He was in a band which traveled throughout the state of Florida without a guard. Unlike Blackwell, the appellant in this case has continued to suffer serious effects which originated with the detainer.

The judgment of the trial court is reversed and the cause is dismissed with prejudice.

O'BRIEN and CORNELIUS, JJ., concur.