**STATE of Tennessee, Appellee,**

v.

**Charles Edward GIPSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 16, 1984.

Permission to Appeal Denied by the Supreme Court May 14, 1984.

**638**

John W. Derington, Camden, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, G. Robert Radford, Dist. Atty. Gen., Huntingdon, Steven Garrett, Asst. Dist. Atty. Gen., Camden, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Charles Edward Gipson, entered a plea of guilty to possessing marihuana with intent to sell and received a penitentiary sentence of one (1) year, to be served concurrently with his Texas sentence. Pursuant to Tenn.R.Crim.P. 37(b)(2), he reserved, with the State's consent, the right to appeal a certified question of law.

The issue presented in this appeal is whether the trial court erred in overruling the defendant's motion to dismiss the indictment based on the fact that the defendant was not tried within one hundred eighty (180) days of his giving formal notice for disposition of his case pursuant to the Interstate Compact on Detainers, T.C.A. § 40–31–101. The issue is resolved in favor of the defendant.

The record shows that the defendant was indicted on September 22, 1980, for possessing marihuana with intent to sell. On November 5, 1982, the defendant, then incarcerated in the Texas penitentiary, made a request, pursuant to the Interstate Compact on Detainers, T.C.A. § 40–31–101, for disposition of his indictment within one hundred eighty (180) days, as required by Article III(a) of the Compact. His request was filed in the trial court clerk's office on November 12, 1982.

On March 18, 1983, one hundred twenty-six (126) days after the delivery of the request for disposition, the defendant's case was called on the trial court's docket for the purpose of setting a trial date. The defendant was still in Texas, but his counsel appeared. At that time, the trial court noted that because of the crowded court docket in the counties within his circuit, the first available date for trial of the defendant's case was June 13, 1983, more than one hundred eighty (180) days after the date that the defendant requested disposition of his case. Over the objection of defense counsel, the case was set for that date. Thus, in effect, the trial court continued the case on its own motion due to its crowded docket.

Thereafter, the defendant was returned to Tennessee, and on May 26, 1983, one hundred ninety-five (195) days after receipt of the notice of disposition of the defendant's request for disposition of his case, the defendant filed his motion to dismiss the indictment on the ground that the State had not brought him to trial within the one hundred eighty (180) days as required by the Compact.

At the hearing on the defendant's motion to dismiss, the defendant was unable to show that he had sustained any prejudice by reason of the delay. Further, the trial court was of the opinion that its crowded docket was sufficient justification for the delay. Accordingly, the trial court overruled the motion, and on June 9, 1983, the defendant entered a plea of guilty, reserving the right to appeal the trial court's ruling on his motion to dismiss.

Article III(a) of the Interstate Compact on Detainers, T.C.A. § 40–31–101, provides in pertinent part, as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance....

After an inmate complies with Article III(a) of the Compact, then pursuant to Article V(c) of the Compact, if he is not brought to trial within the one hundred eighty (180) day period, then the trial court "shall enter an order dismissing" the case.

 Unquestionably, the record shows, and the State concedes, that the defendant was not brought to trial within the one hundred eighty (180) day period, as required by the Compact. In our opinion, the fact that the defendant did not sustain any prejudice by reason of the delay would not serve to remedy the untimely prosecution. *See Nelms v. State,* 532 S.W.2d 923

(Tenn.1976); *see also Burns v. State,* 578 S.W.2d 650 (Tenn.Cr.App.1978). As a matter of fact, the State in its brief does not argue that point; rather, the State argues that the trial court was justified in setting the case outside the time requirement of the Compact due to the court's congested docket, pointing out that Article III(a) of the Compact authorizes "any necessary or reasonable continuance" for good cause shown. In *Nelms, supra,* the Court held that failure to comply with the time requirement of the Compact does not automatically require dismissal of the indictment. The Court noted that the Compact allowed "necessary or reasonable" continuances for "good cause." 532 S.W.2d at 927. However, in *Nelms,* the Court held that if the delay, whether caused by the prosecutor's office or by the court, is neither reasonable nor necessary, and not caused by the defendant, then the legislative policy must be heeded. 532 S.W.2d at 927–28. Further, in *Nelms,* the Court pointed out that the provisions of the Compact "should be construed liberally in favor of those it was intended to benefit." 532 S.W.2d at 927. Thus, the issue in this case reduces down to the question of whether it was necessary and reasonable for the trial court to continue the defendant's case. In our opinion, the mere fact that the trial judge had a crowded docket in his other counties that required his attention is not sufficient to justify a failure to comply with the time requirement of the Compact. The great majority of our courts in Tennessee are regularly confronted with crowded dockets, and if this were accepted as the sole excuse for not following the time provision as stated in Article III(a) of the Compact, then that provision could be avoided almost at will and it would be meaningless.

The legislature has seen fit to place this time requirement in the Compact, and it is up to the courts to see that it is followed. The time requirement in the Compact is such that trial courts are obligated to give these Compact cases precedence over the other cases on their docket. Further,

where a trial judge is unable to try these cases in a timely manner because of his crowded docket, then a simple remedy would be for him to request the Chief Justice of our Supreme Court to assign another acting judge or a retired judge to assist in the trial of such cases.

The record in this case shows that the defendant complied with the provisions of the Compact in requesting a timely disposition of his case. No actions on his part contributed in any way to the delay. From what we have said heretofore, we find that under the circumstances of this case, good cause has not been shown for the delay, and that a continuance of the case outside the time period allowed by the Compact for the trial of the defendant was not necessary or reasonable.

The judgment of the trial court is reversed and the indictment is dismissed.

WALKER, P.J., and CORNELIUS, J., concur.