IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 13, 2001

## MYRON GARMON  V.  STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19739   W. Fred Axley,  Judge**

---

**W2000-01556-CCA-R3-PC  - Filed August 9, 2001**

---

The petitioner was convicted of aggravated sexual battery by a Shelby County jury.  The conviction was affirmed on direct appeal.  The petitioner sought post-conviction relief on the ground that his trial counsel was ineffective for failing to protect his right to be tried within one hundred eighty days under the Interstate Compact on Detainers.  The petition was denied by the post-conviction court. After a thorough review of the record, we conclude that the trial court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, SP. J., joined.

Stephen A. Sauer (at hearing) and Gerald S. Green (on appeal), Memphis, Tennessee, for the appellant, Myron Garmon.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; and William D. Bond, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, a resident of Jonesboro, Arkansas, was indicted in Shelby County, Tennessee, on charges of aggravated sexual battery.  He was served with a detainer warrant on October 2, 1995, while he was incarcerated in Arkansas.  On the same date, the appellant signed a form notifying the District Attorney and the court of his demand to be tried within one hundred eighty days.  The notice was received by the Shelby County Clerk's office by certified mail on October 6, 1995; however, the

record does not reveal a certified mail receipt by the District Attorney's office. Thus, the record does not establish when the notice was received by the District Attorney's office.[1]

The Public Defender's office was appointed to represent the petitioner on December 5, 1995. His case was initially set for January 9th, but counsel testified the case was reset for January 30th to allow her further time to get discovery.[2] On January 30th the case was reset with petitioner's agreement until February 1st. On February 1st the trial was scheduled for March 11th, but on March 6th the state served defense counsel with a notice of petitioner's prior convictions to impeach his testimony and enhance his sentence.

The state's notice, which included convictions that the petitioner contended had been overturned by the Arkansas and Kansas courts, sought to have the petitioner sentenced as a career offender. Defense counsel and the prosecuting attorney searched for confirmation that the convictions were overturned. Documents supporting the petitioner's argument could not be obtained by the March 11th court date.

The case was again continued until April 15th, and the trial commenced on that date. Defense counsel had received the documents which proved the prior convictions had been overturned. A jury convicted the petitioner of aggravated sexual battery, and the petitioner was sentenced to twelve years as a Range I standard offender. The conviction was affirmed upon direct appeal. *See* State v. Garmon, 972 S.W.2d 706 (Tenn. Crim. App. 1998).

At the post-conviction hearing, the petitioner testified he made his defense counsel aware of the one hundred eighty day time limit for trying his case. Further, he testified he agreed to only one of the several continuances of his case, which was the two-day continuance from January 30th to February 1st, and he instructed counsel to object to further continuances. At petitioner's insistence, trial counsel filed a motion to dismiss the charges against him due to a violation of the Interstate Compact on Detainers. The motion was denied by the trial court, whose ruling was affirmed on direct appeal. Garmon, 972 S.W.2d at 711-712.

The post-conviction court found the petitioner failed to prove the continuance of his case prejudiced him. The court also found the petitioner's case was tried within the one hundred eighty day limit imposed by the Interstate Compact on Detainers, and even if it had not been tried within the time limit, the final continuance granted was reasonable and inured to the benefit of the petitioner.

---

[1] In the direct appeal this court stated that the "assistant district attorney general, while acknowledging that the request for a trial was dated October 2, asserted that the request was not received until October 17, 1995." State v. Garmon, 972 S.W.2d 706, 709 (Tenn. Crim. App. 1998).

[2] There is no record of the alleged January 9th hearing.

## STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

## INEFFECTIVE ASSISTANCE OF COUNSEL

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Burns, 6 S.W.3d at 462.

## INTERSTATE COMPACT ON DETAINERS

The Interstate Compact on Detainers provides in pertinent part as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the person shall be brought to trial within one hundred eighty (180) days after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of

the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Tenn. Code Ann. § 40-31-101, art. III(a).

## ANALYSIS

Petitioner's claim fails for a number of reasons. Firstly, the petitioner's brief makes no references to the post-conviction record; thus, the entire issue is waived. *See* Tenn. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); *see also* Tenn. R. App. P. 27(a)(7) and (g). Furthermore, regardless of the waiver, the petitioner has failed to establish deficient performance and prejudice.

Trial counsel's actions in agreeing to and/or requesting the continuances were within the acceptable range of competence of a criminal defense attorney. The continuances allowed counsel to secure further discovery and establish that certain prior convictions had been overturned. Counsel could then ascertain which alleged prior convictions might be used for impeachment if defendant testified.[3] Additionally, this enabled counsel to successfully have petitioner sentenced as a Range I standard offender instead of a career offender.

In order to establish prejudice in this post-conviction matter, petitioner must establish a reasonable probability that, but for trial counsel's deficiencies, the indictment would have been dismissed. In fact, trial counsel did pursue such a dismissal which was denied. The denial was affirmed on direct appeal. *See* Garmon, 972 S.W.2d at 711-12. As we noted in the direct appeal, the one hundred eighty day period is not triggered until both the "prosecuting officer and the appropriate court" have received the required notice. *Id.* at 710; Tenn. Code Ann. § 40-31-101, art. III(a). Petitioner established at the post-conviction hearing through admission of the certified mail receipt that the notice was received on October 6, 1995, by the court clerk; however, he produced no certified mail receipt or any other evidence establishing when it was received by the District Attorney's office. If the notice was not received by the prosecutor until October 17th, as we discussed in the direct appeal, the April 15th trial was within the time limit even without regard to continuances. Garmon, 972 S.W.2d at 710 (holding the one hundred eightieth day was Sunday, April 14, 1996, thereby authorizing a trial on Monday, April 15, 1996). Thus, petitioner has failed to establish prejudice.

Finally, failure to comply with the one hundred eighty day time limit does not necessarily require dismissal, provided the continuance beyond the time limit is "necessary or reasonable." Tenn. Code Ann. § 40-31-101, art. III(a); State v. Gipson, 670 S.W.2d 637, 639 (Tenn. Crim. App. 1984). Here, in spite of the efforts of the state and defense counsel to ascertain the status of

---

[3]Petitioner apparently elected not to testify at his trial. *See* Garmon, 972 S.W.2d at 708.

petitioner's prior convictions, neither was able to do so by March 11th. Had the petitioner objected to the continuance granted on March 11th, it is probable the trial court would have found that a continuance was necessary and reasonable in order to ascertain the validity of the prior convictions. Although the March 6th notice by the state was less than the ten-day notice requirement of Tenn. R. Crim. P. 12.3(a), the only options for the trial court would be to either grant a continuance, or deny the continuance and strike the notice. State v. Tilson, 929 S.W.2d 380, 384 (Tenn. Crim. App. 1996) (citing State v. Lowe, 811 S.W.2d 526, 527 (Tenn. 1991)). If the case had been tried on March 11th, petitioner has made no showing that the result would have been different. In short, petitioner has failed to establish a reasonable probability that he suffered any prejudice as a result of counsel's actions.

## CONCLUSION

We conclude the petitioner has failed to show he received ineffective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

JOE G. RILEY, JUDGE