**STATE of Vermont v. Richard WINNIE, a/k/a Richard Wescott**

[816 A.2d 545]

No. 02-194

¶ 1. December 18, 2002. Defendant Richard Winnie appeals the Bennington District Court's denial of his motion to dismiss the charges of attempt to elude a

law enforcement officer, grossly negligent operation of a motor vehicle, and operation of a motor vehicle at an excessive speed. Defendant argues that the State violated the Interstate Agreement on Detainers Act (IAD), 28 V.S.A. § 1503, by not granting defendant a hearing within 180 days of his request for a final disposition of the three charges. Defendant claims on appeal that the district court erred in determining that defendant's final disposition request was flawed because it was sent only to the prosecutor and not to the district court. Defendant also argues the court erred because it granted a continuance sua sponte after the 180-day time limit had lapsed. We hold that the 180-day time period under 28 V.S.A. § 1503(a) had not expired, and, therefore, we affirm the district court's denial of defendant's motion to dismiss.

¶ 2. In June 2001, defendant was charged with attempting to elude a law enforcement officer, operating a vehicle in a grossly negligent manner, and operating a vehicle at an excessive speed. On September 19, 2001, while defendant was incarcerated at the Berkshire County House of Correction in Massachusetts, he signed a request for a final disposition of the three charges against him. A prison official also signed a completed certificate of inmate status bearing the same date. The prosecutor was notified of the request; however, the district court found that the court never received the request and did not have notice of the request until October 16, 2001, at the earliest.

¶ 3. On April 1, 2002, defendant filed a motion to dismiss. He argued that the 180-day period within which the State was required to bring him to trial had commenced on September 19, 2001, the date he signed and sent his request for final disposition to the Massachusetts correction officer. Defendant claimed that the time limit had expired, and the court should therefore dismiss the charges with prejudice. See 28 V.S.A.

§ 1503(d). At the change of plea and sentencing hearing held on April 3, 2002, the trial court denied defendant's motion and found that the lack of notice to the court "could have the effect that the 180 days shouldn't run until the Court was formally aware that Mr. Winnie was before it . . . since it didn't receive any other notices under the statute before then . . . ."

¶ 4. Defendant argues on appeal that his actions in causing the request to be delivered only to the prosecuting officer constitute sufficient compliance with the IAD necessary to invoke the 180-day rule. Defendant further claims that he should not be penalized for an alleged failure on the part of the sending state, Massachusetts, to mail his request to the district court after he gave it to a prison official under 28 V.S.A. § 1503(b), and thus did all that he could do to comply with the Act. Even assuming, arguendo, that we were to find defendant's contention compelling, the IAD is "a congressionally sanctioned interstate compact . . . [and as such] is a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111 (2000) (internal quotation omitted). The IAD language, "shall have caused to be delivered," which is the subject of this appeal, has been construed by the United States Supreme Court in *Fex v. Michigan*, 507 U.S. 43 (1993). The Court held that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him *has actually been delivered to the court and prosecuting officer* of the jurisdiction that lodged the detainer against him." *Id.* at 52 (emphasis added).

¶ 5. We note that each of the five state cases cited by defendant to support his argument precede the Court's decision in *Fex*. See *Rockmore v. State*, 519 P.2d 877 (Ariz. Ct. App. 1974); *State v. Barnes*, 328 A.2d 737 (Md. 1974); *State v. Seadin*, 593 P.2d 451 (Mont. 1979); *People v. Diaz*, 406 N.Y.S.2d 239 (Sup. Ct. 1978); *State v. Ferguson*, 535 N.E.2d 708 (Ohio Ct. App. 1987). Additionally, the only post-*Fex* case cited at oral argument in support of defendant's position interpreted an intrastate detainers statute and not the IAD. See *State v. Morris*, 892 P.2d 734 (Wash. 1995). The *Morris* court observed that "[r]egardless of how convincing one finds the *Fex* majority, its interpretation now governs the Interstate Agreement on Detainers for prisoners subject to the IAD in this state." *Id.* at 737.

¶ 6. Under *Fex*, the time period did not commence when defendant made his request for a final disposition to a Massachusetts correction officer on September 19, 2001, but rather commenced upon delivery to both the court and prosecuting officer. See *Fex*, 507 U.S. at 52; *State v. Somerlot*, 544 S.E.2d 52, 60 (W. Va. 2000) (the 180-day time period had not commenced where the defendant's request for final disposition was delivered solely to prosecutor and not trial court). Finally, despite his argument, defendant was not entirely without power to determine whether the court and prosecuting attorney received his request; defendant could have questioned why he never received a return receipt of the certified mailing from the court. See 28 V.S.A. § 1503(b) (official having custody of prisoner shall promptly forward the request for final disposition to the "appropriate prosecuting official and court by registered or certified mail, return receipt requested").

¶ 7. The trial court properly denied defendant's April 1, 2002 motion to dismiss because 180 days had not passed at that time. In light of our decision that the 180-day time limit had not been exceeded, it is unnecessary to address defendant's argument that the trial court erred in granting a continuance to the State after the time limit had lapsed.

*Affirmed.*